## JOSEPH W. MEEKS *v.* JOSEPH E. DAVIS. .

The holder of an accepted draft for a sum payable in the notes of a particular Bank, protested at maturity, will be entitled to recover the value of the notes at the date of the protest. A subsequent tender of the amount in the notes of the Bank, they having depreciated in the mean time, will not entitle the defendant to settle the debt, at the value of the notes at the date of the tender.

APPEAL from the Commercial Court of New Orleans, *Watts,* J. This was an action against one of the acceptors, by the payee of a bill, for $434 25, payable " in funds equivalent to Mississippi Union Bank post notes," protested at maturity, on the 3d June, 1839. The defendant averred that he had always been ready to pay the bill, and that he had actually rendered the amount to the agent of the plaintiff. On the trial, Nicholson testified, that he had presented the bill to the defendant, on the 29th December, 1840, and demanded payment; that the latter offered him Mississippi Union post notes, dollar for dollar ; and that these notes were then at a discount of from 60 to 70 per cent. Witness did not know the value of these notes on the 3d of June, 1839, but had seen from an entry in the books of certain brokers that they had sold them, on the 8th of August, 1839, at a discount of seven per cent. Grant, a broker, testified, that he had sold the notes in Mississippi, about the middle of May, 1839, at six per cent discount ; that they had been sold in New Orleans, on the 20th of that month, at from five to eight per cent ; and that in December, 1840, they were at a discount of thirty or forty per cent. Egerton, another broker, deposed, that in May and June, 1839, the notes were sold at from five to ten per cent discount. There was a judgment for the full amount of the bill, with interest and costs of protest, in specie ; and the defendant has appealed.

*Emerson,* for the plaintiff. The value of the notes at the maturity of the draft, is the standard by which to fix the amount due. Civ. Code, art. 2148.

*Preston,* for the appellant.

MARTIN, J. The petition states, that the plaintiff being the holder of an order or bill, by which the defendant was required to pay the sum of $434 25, in funds equivalent to Mississippi Union

Meeks v. Davis.

Bank post notes, the latter accepted the same. At the maturity of the bill, which was payable, one day after sight, at the Commercial and Rail Road Bank of Vicksburg, the plaintiff presented it there for payment, which, not being made, it was duly protested. The answer admits the defendant's liability to pay the amount stated on the face of the bill, and avers his constant readiness to do so. The plaintiff had judgment for the amount of the bill, interest and costs, and the defendant has appealed. The bill was accepted on the 30th of May, 1839, and protested on the 3d day of the following month. On the back of it is an endorsement, dated December 29th, 1840, which states, that, on that day, John L. Nicholson presented the bill to the defendant, who tendered him the amount of principal and interest in Mississippi Union Bank post notes, answering the description of those named in the draft, which was refused. Nicholson deposed according to what he had written on the back of the bill; and, farther, that the defendant offered him a $500 Union post note, and requested him to take thereout the amount of the bill. The defendant offered Union post notes, dollar for dollar, which were at the time at a discount of from sixty to seventy per cent. Defendant gave evidence of the value of the Mississippi Union Bank post notes on the day of the protest; and the judgment is for the value of the amount of the bill on that day. The defendant's counsel has contended that the court erred, and that the judgment ought to have been for the value of the notes on the day on which the first application for payment was made to him. He contends that the document sued upon is not a bill of exchange, it being of the essence of such a bill that it should be payable in money, and not in anything else; and that it is a contract for the delivery of a specific article, for the non-delivery of which no damages can be claimed from him, unless he has been legally put *in mora*, before the institution of the suit. The plaintiff's counsel has replied, that a protest by a notary public is one of the modes pointed out by the Civil Code, art. 1905, for putting the debtor *in mora*. The protest in the present case has been admitted in evidence, without opposition on the part of the defendant. The judge, therefore, did not err in giving judgment for the plaintiff.

*Judgment affirmed.*